UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EUGENE C. SMALLS,

    Plaintiff,

v.                                                      CASE NO. 8:20-cv-2312-WFJ-JSS

NEW PENN FINANCIAL, LLC d/b/a
Shellpoint Mortgage Servicing, Inc., and
METROPOLITAN LIFE INSURANCE
DOES 1through 10,

    Defendants.
_____/

## ORDER

Before the Court is the motion to dismiss filed by New Penn Financial, LLC d/b/a Shellpoint Mortgaging Services, Inc. ("Shellpoint") (Dkt. 37) and Plaintiff's response (Dkt. 42). After careful consideration of the allegations of the complaint (Dkt. 1), exhibits (Dkts. 6, 7), and applicable law, the Court grants the motion with leave to amend.

## ALLEGATIONS

Plaintiff Eugene Smalls sues Shellpoint in nine counts for violations of state and federal statutes as well as relief under state common law. Dkt. 1. The complaint is based on the following facts. Mr. Smalls executed and delivered a note to CitiFinancial Equity Services, Inc. ("CitiFinancial") in the amount of

$162,676.15 on August 14, 2007. Dkt. 37 at 2; Dkt. 6-2 at 2, 22. The note was secured by a mortgage on property located in Pinellas County, Florida. *Id*. On April 23, 2010, Mr. Smalls modified the terms of his mortgage with CitiFinancial, lowering his interest rate and monthly payments from $1,811.57 to $1,299.00. Dkt. 37 at 2; Dkt. 6-2 at 7–8.

The loan documents required maintaining hazard insurance on the property. Dkt. 6-2 at 3.[1] On April 22, 2015, BSI Financial Services ("BSI"), the former loan servicer, wrote to Mr. Smalls requesting proof of hazard insurance. Dkt. 37 at 2; Dkt. 6-2 at 11.[2] The letter states that if the borrower fails "to maintain or provide proof of hazard coverage we will purchase a lender placed hazard policy at your expense, which will be deducted from your escrow account or billed to your loan." Dkt. 6-2 at 11. Because Mr. Smalls did not provide proof of insurance from March through August 2015, BSI purchased insurance for this period resulting in a premium charge of $1,241.72. Dkt. 6-2 at 15. Correspondence from Shellpoint in 2019 indicates Shellpoint's attempts to explain the purchase of the hazard insurance and the shortage to Mr. Smalls. Dkt. 37 at 2; Dkt. 6-4 at 4, 6, 8–9, 11, 14, 17, 19, 40, 42, 44.

---

[1] "5. Hazard Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term 'extended coverage', and such other hazards as Lender may require and in such amounts and for such periods as Lender may require." Dkt. 6-2 at 3.
[2] Ownership of the mortgage loan was transferred on September 22, 2017, with the new servicer designated as Shellpoint. Dkt. 6-2 at 32.

Tellingly, Mr. Smalls does not allege that he provided hazard insurance for the relevant time periods, nor does he allege he provided proof of insurance coverage. Shellpoint seeks dismissal of all counts.

## DISCUSSION

The Court applies the *Twombly-Iqbal* standard, accepting all of the complaint's factual allegations, not legal conclusions, as true and construing all reasonable inferences from those alleged facts in the light most favorable to Plaintiff.[3] To survive a motion to dismiss filed pursuant to Rule 12(b)(6), Fed. R. Civ. P., the complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 does not require detailed allegations, but the complaint must offer more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 557 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The Court takes into consideration the liberal construction afforded p*ro se* litigants but will not rewrite the complaint to sustain an action. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (allowing reasonable inferences to be drawn from factual content); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (stating legal conclusions "couched" as facts need not be accepted as true); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (same).

### *Count I – Statutory Debt Collection Violations*

Plaintiff alleges Shellpoint harassed him, made false representations of the character and amount of debt, created a false sense of urgency by threatening to accelerate the mortgage loan, and attempted to collect a debt not owed. Dkt. 1 at 46–49. The first claim or count cites violations of two different statutes: the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and the Florida Consumer Collection Protection Act ("FCCPA"), Fla. Stat. §§ 559.55– 559.785.

None of the 211 paragraphs preceding the first claim are incorporated by reference, and no facts are alleged in this count. As such, the complaint is known as a "quintessential shotgun pleading" that has been condemned on numerous occasions by the Eleventh Circuit. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. v. Twombly*, 550 U.S. 544 (2007). The complaint requires the reader to "speculate as to which factual allegations pertain to which count." *Weiland v. Palm Bch. Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–22 n.12 (11th Cir. 2015) (citation omitted). Most importantly, it makes it almost impossible for the Defendant to know which allegations of fact are intended to support which claim. *Weiland*, 792 F.3d at 1325.

Upon repleading, Plaintiff must separate each cause of action or claim into different counts. For example, the amended complaint should connect factual allegations with each legal claim and set out separate counts for violations of different statutes. Each count should identify which of the "common" preceding allegations are relevant to the particular claim asserted in that count by way of explicit incorporation of specifically numbered paragraphs. *See Gregory v. City of Tarpon Springs*, No. 8:16-cv-237-VMC-AEP, 2016 WL 2961558, at *2–3 (M.D. Fla. May 23, 2016) (finding complaint with count alleging two statutory as well as various state and federal constitutional claims an impermissible shotgun pleading as "hodgepodge of potential claims").

Apart from its form, the complaint also fails to adequately allege that Shellpoint is a "debt collector" under either the FDCPA or FCCPA. Under the FDCPA, a mortgage servicer like Shellpoint is generally not considered a debt collector if it acquired the loan before the loan went into default. *See* 15 U.S.C. § 1692a(6)(F)(iii) (excluding from statute any person attempting to collect debt "to the extent such activity . . . concerns a debt which was not in default at the time it was obtained"); *Deutsche Bank Nat. Trust Co. v. Foxx*, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013); *Foxx v. Ocwen Loan Servicing, LLC*, 2012 WL 2048252, at *4 (M.D. Fla. 2012). A conclusory statement that Shellpoint is a debtor collector (Dkt. 1 ¶ 218) does not suffice. That Shellpoint's actions "manufactured the

current default" (Dkt. 1 ¶ 211) undermines any assertion the loan was already in default when Shellpoint began servicing.  For Plaintiff to successfully plead a claim under the FDCPA, facts must be alleged to establish Shellpoint is a debt collector.

Under the FCCPA, the debt collector must possess actual knowledge that the debt was not legitimate.  Fla. Stat. § 559.72(9) (prohibiting debt collection when collector knows "debt is not legitimate"); *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 n.12 (11th Cir. 2010) (stating FCCPA requires actual knowledge on part of debt collector).[4]  Plaintiff fails to allege Shellpoint had knowledge the debt for premiums and fees of obtaining hazard insurance, *etc.*, was not legitimate. Dkt. 1 ¶¶ 220–221.  The correspondence, filed as exhibits to the complaint, evidences that Shellpoint, BSI, and Great American Insurance Group told Plaintiff the reasoning behind the additional debt for hazard-placed insurance.  Dkt. 6-2 at 11, 15; Dkt. 6-4 at 42, 44; Dkt. 7-4 at 2.  Despite Shellpoint's request for proof of insurance from March through August 2015, Plaintiff does not allege he provided any proof.  Dkt. 6-4 at 42, 44.  Finally, the mortgage provides that amounts

---

[4] *See also Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1363 (S.D. Fla. 2000) ("FCCPA requires an allegation of knowledge or intent by the debt collector in order to state a cause of action.").

disbursed to protect the lender's security interest may be added to the indebtedness. Dkt. 6-2 at 3.[5]

Based on the foregoing, the first claim or count of the complaint is dismissed subject to repleading in two separate counts, supported by the necessary factual allegations. For these counts to succeed, Plaintiff must also allege in non-conclusory fashion that Shellpoint is a debt collection under the respective statutes.

### *Count II – Statutory Credit Reporting Violations*

The complaint fails to allege two of the factors necessary to establish a claim under 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act ("FCRA"). Shellpoint, as the furnisher of Mr. Smalls' credit information, must be notified by the credit reporting agencies of the dispute. *Leones v. Rushmore Loan Mgmt. Servs.*, LLC, No. 0:17-cv-61216, 2017 WL 6343622, at *2 (S.D. Fla. Dec. 11, 2017) (citing three elements of claim under FCRA).[6] Once notified by the CRAs, the furnisher must fulfill its duties, including conducting a reasonable investigation. *Perkins v. Nat'l Credit Sys., Inc.*, No. 8:18-cv-806-RAL-CPT, 2018 WL 3931860, at *1 (M.D. Fla. Aug. 16, 2018) (requiring plaintiffs to allege how

---

[5] "7. Protection of Lenders' Security. . ..Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage." Dkt. 6-2 at 3.

[6] A cause of action does not exist until the furnisher is notified of the dispute. *Nawab v. Unifund CCR Partners*, 553 F. App'x 856, 861 (11th Cir. 2013).

defendant "breached the § 1681s-2(b) duties by either or both failing to conduct a sufficient investigation or any investigation at all"); *Owens-Benniefield v. Nationstar Mortg. LLC*, 258 F. Supp. 3d 1300, 1313 (M.D. Fla. 2017) (dismissing FCRA claim where plaintiff failed to specify whether defendant conducted insufficient investigation or failed to investigate at all and, if there was investigation, how investigation was unreasonable).

Plaintiff fails to allege Shellpoint received notification from the three CRAs and without such allegation, liability under the FCRA is not triggered. *See* Dkt. 1 ¶ 232 (alleging receipt from Plaintiff not the CRAs). Plaintiff must set forth dates and events disclosing how the dispute was handled. *See* Dkt. 1 ¶¶ 229–32 (alleging no dates or other facts). The complaint lacks dates, times, and content of the alleged disputes, which does not disclose whether Shellpoint conducted an unreasonable investigation or failed to investigate at all.

Finally, the complaint fails to allege any facts to support a willful violation of the FCRA. Mere carelessness is not enough. *Younger v. Experian Info. Sols. Inc.*, 817 F. App'x 862, 870 (11th Cir. 2020) (holding reckless disregard of FCRA amounts to "objectively unreasonable" reading of the statute lacking any foundation). Alleging Shellpoint's "action and inaction" was "willful" (Dkt. 1 ¶ 237) is woefully deficient. Should Plaintiff attempt to replead willfulness, any action or inaction must be explained and supported by factual allegations.

### *Count III – Fraud*

Plaintiff fails to state a claim for fraud, which must be alleged with particularity under Federal Rule of Civil Procedure 9(b).  Apart from the lack of specificity as to who made any misrepresentation, how, when, and where it was made, as well as what was stated, *see Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1353 (S.D. Fla. 2016), the facts gleaned from the 69-page complaint sound in breach of contract rather than fraud.  Plaintiff takes issue with the amount of money charged as unjustified extra-contractual fees but does allege any additional conduct giving rise to fraud.  *See* Dkt. 1 ¶ 249 (alleging misrepresentations as to amount owed made in the monthly loan statements).  That fees were charged, allegedly outside the terms of the contract, does not convert the charges to fraud.  Should Plaintiff attempt to replead a case for fraud, the alleged facts must show a false statement made with knowledge of such falsity and detrimental reliance on the part of Plaintiff.  *See Kleiman v. Wright*, No. 18-cv-80776, 2020 WL 5632654, at *34 (S.D. Fla. Sept. 21, 2020) (citing *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 595 n.2 (Fla. 2013)).

### *Count IV – Unjust Enrichment*

Because Plaintiff admits and relies on the existence of the mortgage and loan documents, he may not plead unjust enrichment, perhaps even in the alternative.  *See Wilson v. EverBank, N.A.*, 77 F. Supp. 3d 1202, 1220–21 (S.D. Fla. 2015);

*Degutis v. Fin. Freedom, LLC*, 978 F. Supp. 2d 1243, 1266 (M.D. Fla. 2013). The reasoning behind this premise is that a plaintiff cannot pursue a quasi-contract claim for unjust enrichment when a written contract exists that concerns the same subject matter. *Christie v. Bank of Am., N.A.*, No. 8:13-cv-1371-SDM-TBM, 2014 WL 805882, at *3 (M.D. Fla. Feb. 28, 2014). Giving Plaintiff the benefit of the doubt, however, the Court will permit pleading unjust enrichment in the alternative to other counts in this complaint. *See Christie*, 2014 WL 805882, at *3 n.6 (observing "circumstances in which a plaintiff may allege an unjust enrichment claim in the alternative are somewhat unclear"). Should Plaintiff decide to pursue this claim, he must replead and base Shellpoint's liability on something other than the express mortgage agreement as he now alleges. *See* Dkt. 1 ¶¶ 255, 258 (alleging terms of the mortgage agreement).

### Count V – RESPA

Plaintiff fails to allege a causal connection (proximate cause) linking an alleged violation of the Real Estate Settlement Procedures Act ("RESPA") to the actual monetary or emotional damages. *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1000 (11th Cir. 2020) (citing *Renfroe v. PennyMac Mortg., LLC*, 822 F.3d 1241, 1245–46 (11th Cir. 2016)); *McLean v. GMAC Mortg. Corp.*, 398 F. App'x 467, 471 (11th Cir. 2010) (stating conclusory allegations are insufficient to plead claim for emotional distress). Plaintiff alleges Shellpoint failed to respond to

certain inquiries and to produce information requested or answer questions and such failure caused him to worry about losing his home. *See* Dkt. 1 ¶¶ 261–62, 265. These allegations alone are insufficient because Plaintiff must state, with facts, how Shellpoint's failure to respond, in a particular way and on particular dates and times, prevented him from taking some important action. *Baez v. Specialized Loan Servicing, LLC*, 709 App'x 979, 984 (citing *Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126, 1135 (11th Cir. 2014)). Plaintiff may attempt to replead a violation of the RESPA by explaining a causal link between the claimed damages and the alleged violation.[7]

### *Count VI – Interference with Contract*

To state a cause of action, Florida law requires Shellpoint be a "stranger" to the relationship between Plaintiff and the lender. *See*, *e.g.*, *Richard Bertram, Inc. v. Sterling Bank & Trust*, 820 So. 2d 963, 965 (Fla. 4th DCA 2002) ("[A]n agent is not liable for tortious interference with a contract of which his or her principal is a party."); *Johnson v. Wellborn*, 418 F. App'x 809, 815–16 (11th Cir. 2011) (citing Florida law requiring interfering defendant must be stranger to business relationship). Because Shellpoint as the mortgage servicer is not a stranger to the relationship, this count is dismissed with prejudice.

---

[7] Plaintiff's complaint also fails to allege a pattern-or-practice of violations of RESPA, because one or two violations is insufficient. *See* cases cited at Dkt. 37 at 20–21.

### *Count VII – Declaratory Judgment*

This count attempts to obtain the same relief as sought in most of the other counts—to stop Shellpoint from seeking escrow and other fees in the future. *See* Dkt. 1 ¶¶ 283–284. Plaintiff may not attempt to obtain declaratory relief when all of the same issues are raised in and "subsumed within" other counts. *See Auto Dealer Sols. Inc. v. S.-Owners Ins. Co.*, No. 8:17-cv-2525-SCB-TGW, 2018 WL 4600674, at *3 (M.D. Fla. Jan. 25, 2018) (citing cases where plaintiff not permitted to seek declaratory judgment where relief was subsumed within another claim). This count is dismissed with prejudice.

### *Count VIII – Intentional Infliction of Emotional Distress*

The touchstone of intentional infliction of emotional distress is the "outrageousness" of the conduct. *See Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278–279 (Fla. 1985). Plaintiff has alleged nothing that rises to the level of the objective outrageousness required by Florida law. *See, e.g., Gandy v. Trans World Comp. Tech. Grp.*, 787 So. 2d 116, 119 (Fla. 2d DCA 2010); *Matsumoto v. Am. Burial & Cremation Servs., Inc.*, 949 So. 2d 1054, 1056 (Fla. 2d DCA 2006). A mortgage servicer's attempt to exercise a contractual right, standing alone, does not amount to outrageousness. To replead, Plaintiff must allege facts that would objectively reveal outrageousness on the part of Shellpoint.

### *Count IX – Breach of Covenant of Good Faith and Fair Dealing*

To state a claim for breach of this implied covenant, the breach of an express term of a written contract must be alleged. *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1291 (11th Cir. 2001) (noting the breach of the implied covenant of good faith and fair dealing does not create an independent term but is attached to the performance of a specific contract obligation); *Degutis*, 978 F. Supp. 2d at 1263–64 (dismissing claim for breach of express provision of contract and therefore dismissing claim for breach of the implied covenant of good faith and fair dealing); *Gibson v. Chase Home Fin., LLC*, No. 8:11-cv-1302-SDM-TBM, 2011 WL 6319401, at *5 (M.D. Fla. Dec. 16, 2011).[8] To replead this count, Plaintiff would have to allege a separate count for breach of an express contract provision.

Accordingly, Defendant Shellpoint's motion to dismiss (Dkt. 37) is granted without prejudice with the exception of counts VI for tortious interference and VII for declaratory relief, which are dismissed with prejudice. Plaintiff shall file an amended complaint, if desired, consistent with this order within twenty (20) days or this case will be dismissed without further notice.

---

[8] *See also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1317 (11th Cir. 1999); *Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 896 So. 2d 787, 792 (Fla. 2d DCA 2005).

13

**DONE AND ORDERED** at Tampa, Florida, on April 19, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Counsel of record and Plaintiff, *pro se*